IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKE GUTIERREZ BRUNO,<br>TDCJ-CID NO.457166,<br>    Petitioner,<br><br>v.<br><br>DOUG DRETKE, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-05-1835 |

OPINION ON DISMISSAL

Petitioner Mike Gutierrez Bruno, a state inmate, seeks habeas corpus relief under 28 U.S.C. § 2254. In 1990, petitioner entered a guilty plea and was convicted of possession of a controlled substance in the 278th District Court of Madison County, Texas, in cause number 8731. The trial court assessed punishment at ten years confinement in the Texas Department of Criminal Justice–Correctional Institutions Division to run consecutive to the sentence that he was already serving under a previous, unrelated conviction. Petitioner did not file a direct appeal. (Docket Entry No.1).

From 1994 until 1997, petitioner filed three state habeas applications. *Bruno v. Johnson*, Civil Action No.H-97-3874 (S.D. Tex. Mar. 11, 1999). In November of 1997, petitioner filed a federal habeas petition in this Court, seeking relief on the following grounds:

1. defective indictment;
2. ineffective assistance of counsel;
3. involuntary guilty plea;
4. conviction for an offense not charged; and,
5. invalid criminal statute.

*Id.* This Court found that petitioner had procedurally defaulted four of his claims and had failed to establish cause for the default. This Court further found that because the Texas Court of Criminal

Appeals had confirmed the jurisdiction of the state district court in spite of an allegedly defective indictment, federal habeas relief was unavailable. *Id.* The Court granted respondent's motion for summary judgment, denied habeas relief, denied a certificate of appealability, and dismissed the petition with prejudice. *Id.* The Fifth Circuit Court of Appeals denied a certificate of appealability. *Bruno v. Johnson*, No.99-20256 (5th Cir. 1999).

Petitioner has since filed four state habeas applications and two state mandamus petitions with respect to the 1990 conviction. *See* http://www.cca.courts.state.tx.us/opinions/casesearch. All of these state habeas applications have been dismissed as an abuse of the writ and both applications for leave to file a mandamus petition have been denied by the Texas Court of Criminal Appeals. *Id.*

In the present federal petition, filed on May 19, 2005, petitioner challenges the same conviction on the same grounds as in Civil Action No.H-97-3874. He also raises several new grounds, which he claims have been exhausted in the state courts. (Docket Entry No.1). Because the petition is successive, the Court will dismiss petitioner's federal habeas action for want of jurisdiction.

In general, federal habeas petitioners must bring their claims in one action. 28 U.S.C. § 2244(b) provides as follows, in pertinent part:

 (1) A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed.

 (2) A claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless–

  (A) the applicant shows that the claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional

2

>           error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization.  28 U.S.C. § 2244(b)(3).  Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed.  28 U.S.C. § 2244(b)(1).

Petitioner has raised claims in this petition that were previously adjudicated and he concedes that he has not sought or received authorization from the court of appeals to proceed in this Court on any new claims he is raising.  (Docket Entry No.2).  Accordingly, this action is DISMISSED for want of jurisdiction to consider previously adjudicated claims and without prejudice to petitioner seeking authorization from the court of appeals to proceed in this court on any new claims.

The Court finds that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable.  *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  For this reason, the Court finds that a certificate of appealability should not issue in this case.

Petitioner's applications to proceed as a pauper (Docket Entries No.4, No.5) are DENIED. Petitioner's motion for the appointment of counsel (Docket Entry No.3) is DENIED.

SIGNED at Houston, Texas, this 7th day of June, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE